UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-22902-CIV-WILLIAMS/SIMONTON

FRANCO SAPONARO DI BABBO and all )
others similarly situated under 29 U.S.C. )
216(b), )
 )
        Plaintiff, )
vs. )
 )
TECHNO PRINT AND MARKETING CORP )
HENRY MEDINA, )
 )
        Defendants. )
_____ )

**FIRST AMENDED COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME AND MINIMUM WAGE VIOLATIONS AND FLORIDA MINIMUM WAGE UNDER FLORIDA STATUTE § 448.110**

Plaintiff, FRANCO SAPONARO DI BABBO on behalf of himself and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, files this Complaint against Defendants, TECHNO PRINT AND MARKETING CORP, and HENRY MEDINA, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Dade County, Florida at the time that this dispute arose.

3. The Defendant TECHNO PRINT AND MARKETING CORP is a corporation that regularly transacts business within Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period"). Defendant TECHNO PRINT AND MARKETING CORP is also the successor corporation to Techno-Print Inc.

4. The individual Defendant HENRY MEDINA is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate

Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d). Defendant HENRY MEDINA has successively run the Corporate Defendant back from when it was previously Techno-Print Inc.

5. All acts or omissions giving rise to this dispute took place in Dade County.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

6. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime and minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8. 29 U.S.C. § 207 (a) (1) states, " if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…."

9. Plaintiff worked for Defendants as a graphic designer limited to working with pre-made forms from on or about June 15, 2006 through on or about July 21, 2014.

10. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiff's work for the Defendants affected interstate

commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

11. For an employee to be "engaged in commerce" under the FLSA, he must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, e.g., transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, e.g., regular and recurrent use of interstate telephone, telegraph, mails, or travel. 29 C.F.R. § 776.23(d)(2)(2005); 29 C.F.R. § 776.24 (2005). Plaintiff used internet and wired communications to perform work for Defendants on a regular basis during his employment; a number of the customers Plaintiff serviced on a regular basis were outside the State of Florida and in locations such as Puerto Rico and the Bahamas.

12. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

13. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2010 through 2013.

14. Upon information and belief, the Defendant Corporation's gross sales or business done is

expected to exceed $500,000 for the year 2014.

15. Between the period of on or about June 15, 2006 through on or about July 21, 2014, Plaintiff worked an average of 50 hours a week for Defendants and was paid an average of $4.50 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate based on the applicable minimum wage rate for each hour worked above 40 in a week.

16. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

### COUNT II. FEDERAL MINIMUM WAGE VIOLATION

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-16 above and further states:

17. 29 U.S.C. § 206 (a) (1) states "..an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)]". On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

18. Between on or about June 15, 2006 through on or about July 21, 2014, Plaintiff worked an average of 50 hours a week for the Defendants. Plaintiff was paid $4.50/hr for said work in violation of the Fair Labor Standards Act as said payment of $4.50/hr did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims difference between his average hourly rate of $4.50/hr and the applicable minimum wage rate of $7.25/hr for all hours worked.

19. The Defendants wage payment practices to Plaintiff for this time period did not meet the federal minimum wage law requirements as Plaintiff was not paid the required federal minimum wage for all hours worked and is therefore claiming federal minimum wage violations.

20. Defendants willfully and intentionally refused to pay Plaintiff's minimum wages as required by the Fair Labor Standards Act as Defendants knew of the Federal Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, Plaintiff requests double damages and reasonable attorney fees from the Defendants, jointly and severally, pursuant to the Fair Labor Standards Act and as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiff's entire employment period with Defendants or, as much as allowed by the Fair Labor Standards Act -- whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury*.

## COUNT III. FLORIDA MINIMUM WAGE VIOLATION

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-20 above and further states:

21. This Court has jurisdiction for Plaintiff's Florida state minimum wage claim under the Court's Supplemental Jurisdiction. 28 USC 1367.

22. Florida Statute § 448.110 (3) states "Effective May 2, 2005, employers shall pay employees a **minimum wage** at an hourly rate of $6.15 for all hours worked in Florida. Only those individuals entitled to receive the federal **minimum wage** under the federal Fair Labor Standards Act and its implementing regulations shall be eligible to receive the state **minimum wage** pursuant to s. 24, Art. X of the State Constitution and this section. The provisions of ss. 213 and 214 of the federal Fair Labor Standards Act, as interpreted by applicable federal regulations and implemented by the Secretary of Labor, are incorporated herein." [Fla. Stat. § 448.110 (3)].

23. Florida Statute § 448.110 (4)(a) states "Beginning September 30, 2005, and annually on September 30 thereafter, the Agency for Workforce Innovation shall calculate an adjusted state minimum wage rate by increasing the state minimum wage by the rate of inflation for

the 12 months prior to September 1."

24. All conditions precedent pursuant to §448.110 have been met by Plaintiff to seek his minimum wage claim against the Defendants. On August 6, 2014, Plaintiff initially sent via certified U.S Mail the required Florida Minimum Wage Notice to the Defendants pursuant to Florida Statute § 448.110(6)(a). On August 8, 2014, the Notice was delivered to Defendants.

25. Florida Statute §448.110(6)(b) provides that upon receipt of said Florida Minimum Wage Notice "The employer shall have 15 calendar days after receipt of the notice to pay the total amount of unpaid wages or otherwise resolve the claim to the satisfaction of the person aggrieved." The 15 calendar days expired on August 23, 2014. However, as of September 9, 2014, the Plaintiff and the Defendants have been unable to resolve said Florida Minimum Wage violation.

26. As of May 2, 2005, Florida's minimum wage was raised to $6.15/hr. On January 1, 2006 the Florida Minimum Wage was raised to $6.40/hr. On January 1, 2007 the Florida Minimum Wage was raised to $6.67/hr. On January 1, 2008 the Florida Minimum Wage was raised to $6.79/hr. On January 1, 2009 the Florida Minimum Wage was raised to $7.21/hr. On June 24, 2009, the Florida minimum wage defaulted to the Federal minimum wage rate of $7.25/hr. On June 1, 2011, the Florida minimum wage was increased to $7.31/hr. On January 1, 2012, the Florida minimum wage was increased to $7.67/hr. On January 1, 2013, the Florida minimum wage was increased to $7.79/hr. On January 1, 2014, the Florida minimum wage was increased to $7.93/hr. Florida Minimum wage claims are brought pursuant to the Florida Constitution and the Fair Labor Standards Act.

27. From on or about June 15, 2006 through on or about July 21, 2014, Plaintiff worked an average of 50 hours a week and was paid an average of $4.50 per hour. Plaintiff was not paid

the proper Florida minimum wage for the relevant time periods (set forth above) as required by the Florida Constitution.

28. The Defendants' wage payment practices to Plaintiff between on or about June 15, 2006 through on or about July 21, 2014 did not meet the Florida minimum wage law requirements as Plaintiff was not paid the required Florida minimum wage for all hours worked and is therefore claiming the difference between the amount paid to Plaintiff and the applicable Florida minimum wage for the time period specified above. [1]

29. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act and Florida Constitution as Defendants knew of the Florida Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants payroll practices were in accordance with the Florida Constitution and the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from the Defendants, jointly and severally, pursuant to the Florida Constitution as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiff's entire employment period with Defendants or, as much as allowed by the Florida Constitution, along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

---

[1] To the extent Plaintiff's claim for Florida Minimum Wage overlaps Plaintiff's claim for Federal Minimum Wage payments, Plaintiff is claiming the higher of the two applicable rates.

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
E-mail: zabogado@aol.com

By:__/s/ J.H. Zidell_____
    J.H. Zidell, Esq.
    Florida Bar Number: 0010121

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SENT VIA CM/ECF ON 9/9/14 TO:**

**GARY ANDREW COSTALES
GARY A. COSTALES
1200 BRICKELL AVE
SUITE 1230
MIAMI, FL 33131
305-375-9510
FAX: 305 375 9511
EMAIL: COSTALESGARY@HOTMAIL.COM**

**BY:__/s/____J.H. Zidell_____
    J.H. ZIDELL, ESQ.**