UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-22902-CIV-WILLIAMS/SIMONTON

| | |
|---|---|
| FRANCO SAPONARO DI BABBO, *and all others similarly situated under 29 U.S.C. § 216(b)* | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| TECHNO PRINT AND MARKETING CORP., HENRY MEDINA, | ) ) ) ) |
| Defendants. | ) ) ) |
| _____ | ) |

**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT**

**COMES NOW** Plaintiff, by and through undersigned counsel, and hereby files Plaintiff's Motion for Entry of Default, and in support thereof state as follows:

1. On November 17, 2014, this Court entered an Order granting Motion to Withdraw as Counsel for Defendants [D.E. 28]. The court's above-described Order states, in part, "New Counsel for Defendant Techno Print and Marketing Corp. shall appear in the case on or before December 1, 2014. Failure to comply with this order may result in default judgment against Techno Print and Marketing Corp. on appropriate motion."

2. This Court granted Defendants an extension of time to get counsel, setting a deadline of January 2, 2015 [D.E. 29]. As of the date of this Motion, an attorney has not made an appearance in this matter on behalf of Techno Print and Marketing Corp. Defendant has failed to comply with this Court's Order, as new counsel has not entered a notice of appearance with the court. Furthermore, the corporate Defendant has not shown cause why default should not be entered against it.

3.  "[I]t is well-settled that although individuals may appear in court *pro se,* a corporation cannot be represented in a legal action by a non-lawyer employee, officer or shareholder." Simon v. Leaderscape LLC, No. 06-80797, 2007 WL 3171359, at *1 (S.D. Fla. Oct. 25, 2007).  "The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se,* and must be represented by counsel." Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985); Nat'l Indep. Theatre Exhibitors, Inc. v. Buena Vista Distribution Co., 748 F.2d 602, 609 (11th Cir. 1984) ("[C]orporations must always be represented by legal counsel.")  Default is appropriate following a corporate defendant's failure to obtain counsel after being ordered to do so. Gonzalez v. E.M.J. Patrol & Investigations Inc., No. 08-23377-CIV, 2009 WL 1851098, at *1 (S.D. Fla. June 29, 2009).

4.  This Court should order Default against Techno Print and Marketing Corp. for failing to be represented by counsel.  It cannot be represented *pro se* or by a lay representative.

**WHEREFORE**, as Defendant Techno Print and Marketing Corp. has failed to procure counsel or comply with this Court's Order, Plaintiff respectfully requests that this Court enter a default against the corporate Defendant Techno Print and Marketing Corp.

Respectfully Submitted,

J.H. Zidell, P.A.
*Attorney for Plaintiff*
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167

By: /s/ Elizabeth O. Hueber
    Elizabeth Olivia Hueber
    Florida Bar Number: 0073061

## CERTIFICATE OF SERVICE:

I hereby certify that a true and correct copy of the foregoing was sent via e-mail on pro-se

parties of record in the service list below on this 3rd day of July, 2015.

J.H. Zidell, P.A.
*Attorney for Plaintiff*
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167

By: /s/ Elizabeth O. Hueber
Elizabeth Olivia Hueber
Florida Bar Number: 0073061

## SERVICE LIST

**Henry Medina**
3618 W. Flager Street
Miami, FL 33135
printideas1@aol.com