UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 14-22902-CIV-WILLIAMS

FRANCO SAPONARO DI BABBO,

      Plaintiff,

vs.

TECHNO PRINT AND MARKETING CORP.
HENRY MEDINA,

      Defendants.
_____/

## ORDER

**THIS MATTER** is before the Court on Plaintiff's motion for entry of default against Defendant Techno Print and Marketing Corp. (DE 48). Techno Print, through its attorney, answered the first amended complaint on September 9, 2014. (DE 15). Thereafter, the Court allowed counsel for Techno Print to withdraw from the case. (DE 28). In that order, the Court directed Techno Print to obtain new counsel on or before December 1, 2014. (*Id.*). Following an unopposed motion, the Court granted Techno Print an extension of time to obtain counsel. (DE 30). Before the expiration of the extended deadline, the Court referred Techno Print to the District's volunteer attorney program, but warned the Parties that "[n]o deadlines in the case shall be altered by the fact of this order or the subsequent appearance of volunteer counsel." (DE 36). No counsel has appeared on behalf of Techno Print.

      It is well settled that a corporation cannot represent itself in a judicial action, even where the person seeking to represent the corporation is a principal or majority stockholder of the corporation. *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985). A corporation must be represented by counsel. *Id.* Since November 18,

1

2014, Techno Print has been on notice that failure to obtain counsel "may result in default judgment against [it] on appropriate motion." (DE 28).  Accordingly, **by July 20, 2015**, Plaintiff shall file a proposed default judgment against Techno Print.  The proposed judgment must be supported by citation to specific legal authority establishing Plaintiff's entitlement to the relief sought.  The proposed judgment must set forth the sum certain owed as money damages and the sum certain sought for attorneys' fees and costs supported by sufficient evidence, through affidavits or otherwise, to establish the basis for damages and other relief sought in the pleadings.  By **July 27, 2015**, Techno Print shall, **through counsel**, show cause why judgment should not be entered in a form similar to Plaintiff's proposed final judgment.  Failure to show cause will result in entry of judgment against Techno Print without hearing or further notice.

**DONE AND ORDERED** in chambers in Miami, Florida, this 14th day of July, 2015.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE