UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-22902-CIV-WILLIAMS/SIMONTON

| | |
|---|---|
| FRANCO SAPONARO DI BABBO, *and all others similarly situated under 29 U.S.C. § 216(b)*, | ) ) ) ) |
| Plaintiff, | ) |
| vs. | ) ) |
| TECHNO PRINT AND MARKETING CORP., HENRY MEDINA, | ) ) ) |
| Defendants. | ) ) |

## PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT AGAINST CORPORATE DEFENDANT TECHNO PRINT AND MARKETING CORP.

**COMES NOW** Plaintiff, by and through undersigned counsel, and hereby files this Motion for Final Default Judgment (the "Motion") against Corporate Defendant TECHNO PRINT AND MARKETING CORP., and in support thereof, states as follows:

1. On July 3, 2015, the Plaintiff moved for Clerk's Default against the Corporate Defendant. *See* [D.E. 48].

2. On July 14, the Court instructed Plaintiff to file a Motion for Default Judgment against the Corporate Defendant. *See* [D.E. 53].

3. As set out in Plaintiff's attached Affidavit, Plaintiff claims damages for unpaid overtime wages in the amount of $44,612.70, plus an equal amount as liquidated damages pursuant to 29 U.S.C. 216(b) for a total of $89,225.40. *See* Exhibit A, Plaintiff's Affidavit.

4. Additionally, Plaintiff claims reasonable attorney's fees and costs pursuant to 29 U.S.C. 216(b) and asks the Court to retain jurisdiction in the determination of said fees and costs upon collection of the judgment and at the conclusion of the jury trial.

5. Plaintiff further requests that, upon collection of the judgment, Plaintiff's counsel should be entitled to additional fees to be determined by the Court.

## Memorandum of Law

Default is appropriate following a corporate defendant's failure to obtain counsel after being ordered to do so. Gonzalez v. E.M.J. Patrol & Investigations Inc., No. 08-23377-CIV, 2009 WL 1851098, at *1 (S.D. Fla. June 29, 2009). This Court should order Default against Techno Print and Marketing Corp. for failing to be represented by counsel. It cannot be represented pro se or by a lay representative, and the Court has ordered the corporate defendant several times to obtain counsel, to no avail.

This Court should also award attorney's fees to Plaintiff's counsel upon collection of judgment against the corporate Defendant. The Court in *DiFrancesco v. Home Furniture Liquidators, Inc.,* 06-21709-CIV, 2009 WL 36550 at *1 (S.D. Fla. Jan. 6, 2009), states, "Congress encourages the filing of meritorious FLSA claims by providing for the recovery of reasonable attorney's fees," (citing to *Silva v. Miller*, 547 F.Supp.2d 1299, 1304 (S.D. Fla. 2008)), and further states that attorney's fees related to collection on a final judgment is available in FLSA cases. Regarding collection of post-judgment attorney's fees, the court cites to *Doden v. Plainfield Fire Protection Dist.*, 108 F.3d 1379 (7th Cir. 1997), and states,

> In *Doden,* the district court denied the plaintiff's request for attorneys fees in collecting a judgment finding that the plaintiff's efforts were unnecessary because the defendant was willing, ready and able to pay the judgment. *Id.* at *2. The district court's reasoning for denying the fee request suggests that the district court may have awarded the fees had the plaintiff's attorney's efforts been necessary. On appeal, the Seventh Circuit affirmed the district court's decision noting that the record supported the district court's finding that the plaintiffs engaged in unnecessary efforts relating to the judgment. "This is a clear, concise, and reasonable explanation of why attorneys' fees were not awarded for these

motions, and thus, the district court did not abuse its discretion in the denial of fees." *Id.* at *5.

The court in the *DiFrancesco* decision further states:

> The courts have awarded post-judgment collection fees in cases involving other federal statutes. In *Free v. Briody,* 793 F. 2d 807 (7th Cir. 1986), the Seventh Circuit affirmed an award of attorney's fees for efforts made to collect a judgment arising out of a lawsuit brought under the Employee Retirement Income Security Act ("ERISA"). In affirming the fee award the circuit court noted that "[n]othing on the face of the statute, or in its history or purpose, suggests that the only legal efforts that can be compensated by an award of fees are those that precede the judgment, and not those incurred afterward to make the judgment a reality." *Id.* at 808. The circuit court further noted that "the entry of the judgment is not the end of the litigation . . . . It would make no more sense to deny attorney's fees for efforts to collect a judgment than it would to deny them for efforts to defend a judgment on appeal." *Id.* at 809.

*DiFrancesco* at *5.

Plaintiff's attorneys will have to exert more time and effort in collection of the default judgment resulting from the underlying FLSA case and, as a result, should be awarded reasonable attorney's fees pursuant to *DiFrancesco v. Home Furniture Liquidators, Inc.*, entitling Plaintiff's attorneys to fees in collection of the default judgment. Therefore, so as not to necessitate the filing of multiple motions for fees, Plaintiff requests an extension of time until after the final judgment is entered on all counts after a jury trial to file a fee and cost motion under SDLR 7.3.

**WHEREFORE**, Plaintiff requests that a Final Default Judgment be entered against the Corporate Defendant for $89,225.40 related to Plaintiff's overtime wage claim. Plaintiff additionally requests that this Court retain jurisdiction to determine reasonable fees and costs upon collection of the default judgment pursuant to SDLR 7.3.

Respectfully Submitted,

Julia M. Garrett, Esq.
J.H. Zidell, P.A.
*Attorneys for Plaintiff*
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
 Fax: (305) 865-7167

By:  /s/ Julia M. Garrett
Julia M. Garrett, Esq.
jgarrett.jhzidellpa@gmail.com
Florida Bar Number: 105151

## CERTIFICATE OF SERVICE:

I hereby certify that a true and correct copy of the foregoing was served via this Court's CMF/ECF system on July 30, 2015, and further, was sent via USPS certified mail to *pro se* Defendants in this matter in the Service List below.

J.H. Zidell, P.A.
*Attorneys for Plaintiff*
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
 Fax: (305) 865-7167


By:  /s/ Julia M. Garrett
Julia M. Garrett, Esq.
jgarrett.jhzidellpa@gmail.com
Florida Bar Number: 105151

## SERVICE LIST

**Henry Medina**
**Techno Print and Marketing Corp.**
3618 W. Flagler Street
Miami, FL 33135
printideas1@aol.com
*PRO SE DEFENDANTS*