UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 14-22902-CIV-WILLIAMS

FRANCO SAPONARO DI BABBO,

    Plaintiff,

vs.

TECHNO PRINT AND MARKETING CORP.
HENRY MEDINA,

    Defendants.
_____/

## ORDER

**THIS MATTER** is before the Court on the notice of appearance of counsel for Defendant Techno Print and Marketing Corp. and Henry Medina (DE 59), Plaintiff's motion for default against Techno Print (DE 58), and Plaintiff's related motion for extension of time (DE 57). When the amended complaint was filed in September 2014, both Techno Print and Henry Medina were represented by counsel. (*See* DE 15). The Court later allowed Defendants' counsel to withdraw, but noted that while Henry Medina could proceed pro se, Techno Print was required to obtain an attorney. (DE 28). Accordingly, the Court required Techno Print to obtain legal counsel on or before December 1, 2014. (*See id.*). Despite the Court's instructions and warnings that "[n]o deadlines in the case shall be altered by . . . the subsequent appearance of . . . counsel," counsel for Techno Print did not appear until the eve of trial. (DE 59; *see, e.g.*, DE 36). Thus, while the Court allows counsel to appear on behalf of Defendants, the Parties are again cautioned that the Court will grant **no extensions of time** to comply with either existing deadlines or those set forth below.

1

The calendar call is scheduled for **August 18, 2015**. (DE 26). By **August 17, 2015**, Defendants shall file a response to Plaintiff's motion in limine. (DE 50). The Parties are directed to file revised joint pretrial stipulation, proposed jury instructions, proposed verdict form, witness and exhibit lists by **August 17, 2015**.

Plaintiff has moved for default judgment against Techno Print and moved for an extension of time to excuse their late-filed motion. No motion for default is pending against Henry Medina, the similarly situated individual Defendant. In cases involving more than one defendant, a default judgment should not be entered against a defaulting party alleged to be jointly liable, until the matter has been adjudicated with respect to all defendants. *See Frow v. De La Vega*, 82 U.S. 552 (1872). Likewise, it is a "sound policy" that "when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits." *Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984); *see also Mayorga v. Stamp Concrete & Pavers, Inc.*, Case No. 13-81274-CIV, 2015 WL 3556972 (S.D. Fla. June 4, 2015) (Seltzer, J.) (dismissing, sua sponte, FLSA claims against defaulted corporate defendant following jury verdict in favor of individual pro se defendant). Moreover, all Parties are now represented by counsel and the case can proceed to trial. Accordingly, Plaintiff's motion for default (DE 58) is **DENIED** and the motion for extension (DE 57) is **DENIED AS MOOT**.

**DONE AND ORDERED** in chambers in Miami, Florida, this 11th day of August, 2015.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

2