UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-22902-CIV-WILLIAMS/SIMONTON

FRANCO SAPONARO DI BABBO and all )
others similarly situated under 29 U.S.C. 216(b), )
                                                 )
                  Plaintiff,                     )
        vs.                                      )
                                                 )
TECHNO PRINT AND MARKETING CORP  )
AND HENRY MEDINA                                 )
                                                 )
                  Defendants.                    )
_____ )

## JOINT PRETRIAL STIPULATION

Pursuant to Fed.R.Civ.P.26(a)(3) and S.D.Fla.L.R. 16.1(e), Plaintiff Franco Saponaro Di Babbo ("Plaintiff"), by and through his undersigned counsel, and DefendantMarketing Corp. and Henry Medina ("Defendants"), hereby submit their joint pretrial stipulation, and in support thereof, state as follows:

**1. A short concise statement of the case prepared by each Party in the action.**

Plaintiff's Statement Of The Case:

Plaintiff worked for Defendants as a graphic designer limited to working with pre-made forms from on or about June 15, 2006 through July 21, 2014.  During his entire employment, he worked an average of fifty (50) hours per week.  He was paid an average of $4.50 per hour.  Under the FLSA rules regarding overtime and minimum wage, Plaintiff is now owed $5,889.70 for overtime pay and $38,738 for minimum wages.

Defendants' Statement Of The Case:

1

Defendants dispute Plaintiff's claims, including the allegation that Defendant is subject to the FLSA and contend that at all times Plaintiff was an independent contractor and not an employee throughout the entire business relationship between Plaintiff and Defendants. Furthermore, Defendants do not engage in interstate commerce and the business never earned more than $500,000 in revenues in any given year, and therefore, Plaintiff is not subject to the FLSA and was paid on a fee basis appropriately under the law. For an unpaid overtime claim under FLSA's individual coverage, the burden of proof lies on employees to establish that they were engaged in interstate commerce, or in the production of goods, and that such production was for interstate commerce. Fair Labor Standards Act of 1938, § 7(a)(1), 29 U.S.C.A. § 207(a)(1). The test to determine whether an employee is engaged in commerce, as required for an unpaid overtime claim under FLSA's individual coverage, is not whether the employee's activities affect or indirectly relate to interstate commerce but whether they are actually in or so closely related to the movement of the commerce as to be a part of it. Fair Labor Standards Act of 1938, § 7(a)(1), 29 U.S.C.A. § 207(a)(1).

2.  **A statement of the basis for federal subject matter jurisdiction.**

Plaintiff alleges that Defendant's employees, including Plaintiff, worked in interstate commerce and regularly served customers outside the state of Florida and used instrumentalities of interstate commerce, thus creating "individual coverage" under the FLSA.

Defendant does not agree that there is basis for Federal Subject Matter Jurisdiction as they do not engage in interstate commerce and the business never earned more than $500,000 in revenues in any given year.

3.  **A list of all pleadings raising the issues.**

    a. Plaintiff's Complaint [DE 1], dated August 6, 2014. Plaintiff filed an Amended Complaint incorporating claims of Florida minimum wage violations on September 9, 2014 [DE 11]. Plaintiff describes his damages via Statement of Claim on August 9, 2014 [DE 12].

    a. Defendants filed their Answer to the Amended Complaint on August 19, 2014 [DE 15].

**4. A list of all pending motions.**

    a. Plaintiff's Motion in Limine.

    b. Defendants' Motion to Withdraw Admissions.

**5. A joint statement of stipulated facts which will require no proof at trial.**

    a. [none]

**6. A detailed statement of contested facts that remain to be litigated at trial.**

a) Whether Defendants were an employer within the meaning of the FLSA.

b) Whether Defendant was an enterprise engaged in commerce subject to the FLSA.

c) Whether Defendant Medina was Plaintiff's employer within the meaning of the FLSA.

d) Whether Plaintiff was covered by the FLSA.

e) Whether Plaintiff individually engaged in commerce as defined by the FLSA.

f) If Plaintiff and Defendant(s) are covered by the FLSA, whether Plaintiff is entitled to overtime and in what amount.

g) How many hours did Plaintiff work for Defendant(s) for which he was not paid?

h) Whether Plaintiff is entitled to liquidated damages.

i) Whether Plaintiff's allegations are barred by the Statute of Limitations.

j) Whether Plaintiff is entitled to an award of attorney's fees and, if so, in what amount?

k) Whether a portion of Plaintiff's claims are barred by the Statute of Limitations

l) The amount of hours and overtime hours, if any, that Plaintiff worked on a weekly basis.

m) How much overtime wages Plaintiff is entitled to, if any.

n) Whether Plaintiff was employed by Defendant Henry Medina.

o) Whether Defendants were both employers of Plaintiff during the time period beginning June 15, 2006 through July 21, 2014 (the "relevant time period").

p) Whether FLSA applies in this matter through "individual coverage" because allegedly Plaintiff involved himself in interstate commerce by servicing clients outside the state of Florida.

q) Whether Defendants have accurate time records for the Plaintiff's work while Plaintiff worked for Defendants.

**7. A concise statement of issues of law on which there is agreement.**

   a. The FLSA generally requires that, unless there is an applicable exemption, an employer employing an employee for a workweek exceeding 40 hours must provide compensation to that employee for all hours worked in excess of 40 hours at a rate of not less than one and one-half times the employee's regular rate. 29 U.S.C. § 207(a)(1).

   b. The FLSA requires that:

   "Enterprise engaged in commerce or in the production of goods for commerce" means an enterprise that--
   (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
   (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated); 29 U.S.C.A. § 203 (s)(1)

   c. Statute of limitations for an FLSA claim is two-years, unless the violation was willful, and if it was willful, a three-year statute of limitations is applicable. 29 U.S.C. § 255(a).

8. **A concise statement of issues of law that remain for determination by the Court.**

   a. Whether Plaintiff's Requests for Admissions are deemed admitted by Defendants.

   b. Whether Defendants' Request for Admissions are deemed admitted by Plaintiff.

   c. If Plaintiff's Request for Admissions are deemed admitted by Defendants, what is the effect of the Admission if they are contradicted by the facts.

9. **Exhibit and Witness Lists:**

   a. Plaintiff's witness list is attached as Exhibit A.

   b. Defendants' witness list is attached as Exhibit B.

   c. Plaintiff's exhibit list is attached as Exhibit C.

   d. Defendants' exhibit list is attached as Exhibit D.

10. **Length of Trial:**

The Parties estimate that this will be a 2-3 day jury trial.

11. **Each Party's estimate of the maximum amount of attorneys' fees properly allowable, if any.**

   a. Plaintiff's attorney's fees are estimated at $55,000 through trial and post trial motions.

      a.  Defendants' attorney's fees are estimated at $30,000 through trial and post trial motions.

Respectfully Submitted,

Dated: August 17, 2015

J.H. Zidell, P.A.
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Email: Elizabeth.Hueber.Esq@gmail.com

By:_/s/_____
Elizabeth Olivia Hueber
Florida Bar Number: 0073061

Dated: August 17, 2015

Corona Law Firm
3899 NW 7th Street
Second Floor
Miami, FL 33126
305-266-1150
Fax: 305-266-1151
Email: rcorona@coronapa.com

By:_/s/_____
Ricardo R. Corona
Florida Bar Number: 111333