UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 14-22902-CIV-WILLIAMS

FRANCO SAPONARO DI BABBO,

    Plaintiff,

vs.

TECHNO PRINT AND MARKETING CORP.
HENRY MEDINA,

    Defendants.
_____/

## ORDER

**THIS MATTER** is before the Court on Defendants' motion for judgment as a matter of law. Trial in this Fair Labor Standards Act case began on August 24, 2015. After presenting his witnesses and evidence, Plaintiff rested his case on August 25, 2015. Defendants made an *ore tenus* motion for judgment as a matter of law under Fed. R. Civ. P. 50(a) and the Court heard argument. Defendants argued that Plaintiff's claim had an insufficient nexus with interstate commerce. Plaintiff countered that he had directly participated in interstate commerce as a graphic designer when he regularly used two computer programs, "Photo Shop" and "Corel Draw," to manipulate images that he gathered from the internet using Google's search engine. For the reasons discussed and authorities cited in Court, and the additional reasons stated below, Defendants' motion is **GRANTED**.

As stated in Court, a claim brought pursuant to the FLSA requires a nexus with interstate commerce that can be met either by individual coverage of the employee at issue or enterprise coverage of the employer. See *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1265–66 (11th Cir. 2006) (affirming district court order granting Rule 50 motion and dismissing case). Although Plaintiff abandoned his enterprise coverage claim, his counsel relied heavily on the decision in *Polycarpe v. E&S Landscaping Serv., Inc.*, 616

1

F.3d 1217 (11th Cir. 2010). However, in that case the court made clear that "we are only concerned in this appeal with enterprise coverage." *Id.* at 1220.

Moreover, the difference between enterprise and individual coverage was significant in that case; the Eleventh Circuit vacated the order in one of the consolidated appeals in part because the "district court mistakenly relied on the interpretive framework of an *individual*-coverage case." *Id.* at 1227 (emphasis in original). The Eleventh Circuit's subsequent opinion in *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1318–19 (11th Cir. 2011), maintained this analytical distinction and noted in dicta that *Polycarpe* provides the framework for future analysis of enterprise coverage. The *Josendis* panel's reasoning, however, emphasized that "[w]hile the point of origin of" items used by an FLSA plaintiff for his work "may be relevant under a theory of enterprise coverage, their origin is irrelevant to the issue of individual coverage." *Id.* at 1316.

In this case, Plaintiff abandoned his enterprise coverage argument and was only pursuing a claim based on individual coverage. As a result, Plaintiff's citation to *Polycarpe* is unavailing. Furthermore, the *Polycarpe* framework is inapplicable to the record facts of this case for the separate reason that, as discussed during the argument, Plaintiff failed to adduce admissible testimony or introduce documentary evidence that the computer programs or the images originated outside of Florida. *See* Fed. R. Evid. 201, 602, 802. Accordingly, all pending motions are **DENIED AS MOOT**. The Clerk is directed to **ENTER JUDGMENT** in favor of Defendants and **CLOSE** the case.

**DONE AND ORDERED** in chambers in Miami, Florida, this 26 day of August, 2015.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

2